IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00513-KLM

MARY E. SPENDRUP, individually and on behalf of Quentin O. Spendrup,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Determination of Question of Law** [#39][1] (the "Motion"). On December 23, 2013, Plaintiff filed a Response [#45]. On January 13, 2014, Defendant filed a Reply [#52]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#39] is **DENIED**.

## I. Background

This dispute stems from a March 5, 2009 automobile accident involving Plaintiff's husband, Quentin O. Spendrup ("Mr. Spendrup") and a third party, which resulted in the death of Mr. Spendrup. *Am. Compl* [#49] at ¶¶ 41-42; *Answer* [#13] ¶ 2. Plaintiff accepted

---

[1] "[#39]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

an offer of settlement for the third party driver's liability. *Am. Compl* [#49] at ¶¶ 49-50; *Answer* [#13] ¶ 2. Through this lawsuit, Plaintiff seeks payment of underinsured motorist benefits from Defendant for various insurance policies issued by Defendant to Plaintiff, Mr. Spendrup, and their son, Zedadiah O. Spendrup. *Am. Compl* [#49] at ¶¶ 12, 15-20, 25-28, 51, 53; *Answer* [#13] ¶ 2. Plaintiff seeks a variety of damages including "financial losses," which she alleges "are the same as the financial benefit [she] might reasonably have expected to receive from" Mr. Spendrup. *Am. Compl.* [#49] at ¶ 120.

Notably, prior to Mr. Spendrup's death, Plaintiff and Mr. Spendrup each owned 50% of SMJ, Inc. ("SMJ") and each was paid a salary from SMJ. *Motion* [#39] at 2; *Response* [#45] at 2. Each "shared equally in the profits of SMJ." *Motion* [#39] at 2. According to Plaintiff, SMJ was an 1120S corporation. *Response* [#45] at 2. An "S" corporation is a small business that must meet certain criteria set by the Internal Revenue Service. *See* 26 U.S.C. § 1361(a)-(b)(2). Income and losses for an "S" corporation are passed through to the shareholders of the corporation. *See* 26 U.S.C. § 1366(a)(c). In her Response, Plaintiff states that after Mr. Spendrup's death SMJ lost money and was eventually sold. *Response* [#45] at 2. Plaintiff claims that this was a result of Mr. Spendrup's death because "SMJ customers wanted [Mr. Spendrup's] expertise, knowledge, and experience. [He] could not be replaced." *Id.*

In the Motion, Defendant seeks a determination regarding "what economic damages [ ] Plaintiff can recover" in this action." *Motion* [#39] at 2. Specifically, Defendant argues that Plaintiff's damages are limited to Mr. Spendrup's "salary plus his share of the profits, less his consumption." *Id.* Defendant further argues that, contrary to Plaintiff's position, Plaintiff is not entitled to recover any of her lost profits as a 50% owner of SMJ as economic

damages relating to her wrongful death claim. *Reply* [#52] at 2.

Plaintiff opposes the Motion, arguing that she reasonably expected to receive 100% of the lost SMJ profits had her husband survived. *Response* [#45] at 4, 6. Accordingly, she seeks a determination from the Court that she is entitled to seek economic damages that include Mr. Spendrup's salary and 100% of the lost profits of SMJ. *Id.* at 6.[2]

## II. Analysis

Plaintiff seeks damages from Defendant pursuant to Colorado's Wrongful Death Act (the "WDA"), Colo. Rev. Stat. §§ 13-21-201 to 13-21-204. Pursuant to the WDA, "[a] surviving spouse in a wrongful death action may recover both economic and noneconomic losses incurred as a result of the negligently caused death of his or her spouse." *Hoyal v. Pioneer Sand Co., Inc.*, 188 P.3d 716, 717 (Colo. 2008) (citations omitted). "In addition to being entitled to compensation for economic damages such as funeral expenses, a surviving spouse is entitled to compensation for the loss of financial benefits he or she reasonably would have expected to receive from the decedent had the decedent lived." *Id.* This is referred to as the net pecuniary loss. *Id.*

Pursuant to Colo. Rev. Stat. § 13-21-203, in an action brought pursuant to the WDA, "the jury may give such damages as they may deem fair and just . . ." Colo. Rev. Stat. § 13-21-203. When determining the amount of damages to award, the civil jury instructions require the jury to consider:

> any economic losses, including reasonable funeral, burial, internment, or

---

[2] Pursuant to C.D.COLO.LCivR 7.1(d), "[a] motion shall not be included in a response or reply to the original motion." Accordingly, the Court does not treat Plaintiff's request for a determination of law as a motion. This Order only addresses the request for a determination of law included in Defendant's Motion [#39].

> cremation expenses, and any net financial loss which the Plaintiff [and those the plaintiff represents] have had because of the death of *[name of decedent]*. The net financial loss is the same as the financial benefit the plaintiff [and those the plaintiff represents] might reasonably have expected to receive from *[name of decedent]* had [he][she] lived.
>
> In determining these damages, if any, you should consider the age, health, and life expectancy of *(name of decedent),* the age, health, and life expectancy of the plaintiff (and those the plaintiff represents), the *(name of decedent's)* industriousness, ability to earn money, willingness to assist the plaintiff (and those the plaintiff represents), and the nature of the relationship between *(name of decedent)* and the plaintiff (and between *[name of decedent]* and those the plaintiff represents).

*Id.* (citing CJI-Civ.4th 10:3). Accordingly, the amount of damages to be awarded in a wrongful death case brought under Colorado law is a question of fact, not a question of law.

Here, the dispute is whether all of SMJ's future profits fall within the category of "financial benefits [Plaintiff] reasonably would have expected to receive from [Mr. Spendrup] had [he] lived." *Hoyal*, 188 P.3d at 717. Defendant's primary argument is that "lost business profits are not the same thing as economic damages . . . [because] profits, standing alone, do not measure the earning ability of the *decedent*. Rather, profits measure the earning power of the *business* involved." *Reply* [# 51] at 3 (emphasis in original).

The Court is not persuaded. First, Defendant cites no legal authority in support of its position, and the Court has found none. Second, although the argument has a certain semantic appeal, it is not logical. Business profits cannot occur without expenditure of effort by a human being or beings. In that sense, profits <u>do</u> measure the earning ability of the person or persons responsible for running a business. Plaintiff appears to assert that the decedent was primarily responsible for generating SMJ's profits, and that those profits were "a source of income to her household." *Response* [#45] at 5. If she can prove it, then the

WDA permits her to recover the amount of profits she "might reasonably have expected to receive from [Mr. Spendrup] had [he] lived." CJI-Civ.4th 10:3.

Indeed, Colorado's civil jury instructions on the WDA make clear that in order for the jury to determine a plaintiff's net pecuniary loss, it must take into account a variety of facts, including the decedent's industriousness, his or her ability to earn money, his or her willingness to assist the plaintiff, and the nature of the relationship between the decedent and the plaintiff. See CJI-Civ.4th 10:3. These are the basic factual issues underlying the arguments made by Plaintiff and Defendant regarding the instant Motion. Further, it is "the function of the jury to place a 'fair and just' dollar value on the pecuniary losses suffered by [a plaintiff] . . ., based upon all evidence available . . . ." *Morrison v. Bradley*, 655 P.2d 385, 388 (Colo. 1982) (citations omitted). Absent clear law limiting Plaintiff's net pecuniary loss in a wrongful death action to exclude future business profits, the Court will not limit the factual information available to the jury to reach a "fair and just" dollar value of that loss. Hence, the parties may present the facts supporting their contentions regarding Plaintiff's entitlement to SMJ's lost profits and make their arguments in that regard. The jury will decide the proper amount of damages, if any.

### III. Conclusion

IT IS HEREBY **ORDERED** that the Motion [#39] is **DENIED**.

Dated: January 15, 2014   BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

5