IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00513-KLM

MARY E. SPENDRUP, individually and on behalf of Quentin O. Spendrup,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff Mary Spendrup's Motion for Entry of Judgment to Include Prejudgment Interest Pursuant to C.R.S. 13-21-101(1)** [#96][1] (the "First Motion") and **Plaintiff Mary Spendrup's Motion for Entry of Judgment to Include Prejudgment Interest Pursuant to C.R.S. 13-21-101(1)** [#97] (the "Second Motion" and, collectively with the First Motion, the "Motions"). The Motions are identical except that they attach different exhibits. The First Motion attaches a check drawn by State Farm Fire and Casualty Company in the amount of $985,000.00 payable to Plaintiff. *First Motion, Ex. 1* [#96-1] at 1. The Second Motion attaches a chart that is labeled "Exhibit 2." *Second Motion, Ex. 1* [#97-1] at 1. Both Motions mention both exhibits. *First Motion* [#96] at 2, 6; *Second Motion* [#97] at 2, 6. As a result, Defendant filed a Response to the First Motion

---

[1] "[#96]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

only [#100] and Plaintiff filed a Reply to the First Motion only [#102]. The Court analyzes the First Motion below, treating both exhibits as if they were attached to the First Motion, and denies the Second Motion as moot. The Court has reviewed the Motions, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the First Motion [#96] is **GRANTED in part** and **DENIED in part** and the Second Motion [#97] is **DENIED as moot**.

## I. Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Background

### A.    Procedural Background

This matter was tried before a jury on May 12-15, 2014. At the conclusion of the trial the jury rendered a verdict in favor of Plaintiff, finding by a preponderance of the evidence that the total economic damages Plaintiff suffered as a result of her husband's death was $2,165,300.00. *Courtroom Minutes/Minute Order, Ex. 7* [#88-7] at 1 (Verdict Form). The jury also awarded Plaintiff $336,000.00 in noneconomic damages. *Id.* The parties agreed that offsets totaling $987,000.00 should be deducted from Plaintiff's recovery. *Joint Motion for Entry of Judgment* [#89] at 1-2. The net amount of the damages award was therefore $1,514,300.00. *Minute Order* [#90] at 1. On May 22, 2014, the Court entered judgment in favor of Plaintiff and against Defendant in that amount with regard to Plaintiff's breach of contract claim. *See Final Judgment* [#94] at 1. The Court also awarded postjudgment interest at the rate of 0.09% pursuant to 28 U.S.C. § 1961. *Id.* at 2. In addition, Plaintiff was awarded costs in the amount of $9,181.97. *Id.*; *Bill of Costs* [#101] at 1.

**B.     The First Motion**

In the First Motion, Plaintiff asks the Court to modify the Final Judgment and award her prejudgment interest totaling $1,012,651.44. *First Motion* [#96] at 6; *Reply* [#102] at 3. Defendant agrees that Plaintiff is entitled to prejudgment interest pursuant to Colo. Rev. Stat. § 13-21-101(1), but argues that the total amount due to Plaintiff is $774,088.63. *Response* [#100] at 3.

### III.  Analysis

As an initial matter, the Court notes that a motion to amend a Final Judgment pursuant to Fed. R. Civ. P. 59, must be filed within 28 days of entry of final judgment. Fed. R. Civ. P. 59(b); *Watson v. Dillon Companies, Inc.*, No. 08-cv-00091-WYD-CBS, 2013 WL 6023692, at *6 (D. Colo. Nov. 13, 2013). In this case, Final Judgment was entered on May 22, 2014 and the First Motion was filed on June 4, 2014. Accordingly, the First Motion was timely filed.

A federal court sitting in diversity applies state law to the issue of prejudgment interest. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1156 (2000). Here, Plaintiff seeks prejudgment interest under Colo. Rev. Stat. § 13-21-101, which mandates an award of prejudgment interest in personal injury cases such as this case.[2] Colo. Rev. Stat. § 13-21-101 ("When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages

---

[2] This statute applies in cases in which an insured brings suit against her insurer to recover uninsured or underinsured motorist benefits under the insured's insurance policy because the underlying case involved a personal injury. *See USAA v. Parker*, 200 P.3d 350, 359-60 (Colo. 2009) ("[A]lthough [the insured's] right to recover benefits is contractual, the damages he seeks are damages for personal injury.").

assessed by the verdict of the jury . . . interest on such amount calculated at the rate of nine percent per annum."); *Watson*, 2013 WL 6023692, at *6 (citing Colo. Rev. Stat. § 13-21-101; *James v. Coors Brewing Co.*, 73 F.Supp.2d 1250, 1257 (D. Colo. 1999)). Under Colorado law, prejudgment interest on personal injury awards is mandatory because "prejudgment interest is an element of compensatory damages," is "designed to make the plaintiff whole[,] and is part of the actual damages sought to be recovered." *Johnson v. Continental Airlines Corp.*, 964 F.2d 1059, 1062 (10th Cir. 1992) (internal quotation marks and citations omitted).

In addition, a plaintiff who seeks prejudgment interest must include a demand for interest in her complaint. In her Amended Complaint, Plaintiff specifically requests prejudgment interest. *Am. Compl.* [#49] at 13. Accordingly, the Court next examines the statute to determine how much prejudgment interest Plaintiff should be awarded.

Colo. Rev. Stat. § 13-21-101 provides in pertinent part:

> In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of such other person, corporation, association, or partnership and whether such injury has resulted fatally or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed; and on and after July 1, 1979, it is lawful for the plaintiff in the complaint to claim interest on the damages claimed *from the date the action accrued*. When such interest is so claimed, *it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount calculated at the rate of nine percent per annum on actions filed on or after July 1, 1975*, and at the legal rate on actions filed prior to such date, and *calculated from the date such suit was filed to the date of satisfying the judgment* and to include the same in said judgment as a part thereof. *On actions filed on or after July 1, 1979, the calculation shall include compounding of interest annually from the date such suit was filed*. . . .

Colo. Rev. Stat. § 13-21-101(1) (emphasis added).   As the Court has previously

4

explained:

> "The 'personal injury statute' requires payment of prejudgment interest at a rate of nine percent per annum from the date of the accident." *USAA v. Parker,* 200 P.3d at 359 (citing § 13-21-101(1)). Section 13-21-101 "requires that simple interest be calculated on the amount of the judgment from the date the action accrued until the day before the action is filed." *Ochoa [v. Verad],* 212 P.3d [963,] 970 [(Colo. App, 2009)] (citation omitted). "The simple interest should then be added to the judgment and that sum used as the initial base amount for calculating compound interest annually from the date the action was filed until the date judgment entered." *Id.*

*Wiener v. Sunlight, Inc.*, No. 08-cv-01483-CBS-BNB, 2011 WL 4501963, at *6 (D. Colo. Sept. 29, 2011). Accordingly, the Court must calculate prejudgment interest for two periods in order to determine the total amount of prejudgment interest due to Plaintiff. The pertinent dates are:

- March 5, 2009: accrual of Plaintiff's claim against Ramon Mendoza. *First Motion* [#96] at 1; *Response* [#100] at 2.

- January 6, 2011: Ramon Mendoza's insurer issued check payable to Plaintiff in the amount of $985,000.00. *Second Motion, Ex. 1* [#96-1] at 1.

- March 5, 2012: initiation of lawsuit by Plaintiff in state court. *Complaint* [#3] at 13.

- February 27, 2012: removal of lawsuit to this Court by Defendant. *Notice of Removal* [#1] at 3.

- May 12-15, 2014: Jury Trial held.

- May 15, 2014: Jury verdict rendered. *Courtroom Minutes/Minute Order, Ex. 7* [#88-7] at 2.

- May 22, 2014: Final Judgment entered in favor of Plaintiff in the amount of $1,513,300.00. *Final Judgment* [#94] at 1.

**A.    March 5, 2009 through March 4, 2012**

The Court must calculate prejudgment interest "on the amount awarded by the final judgment, regardless of the jury's determination." *Morris v. Goodwin,* 185 P.3d 777, 780

(Colo. 2008) (en banc) (disallowing claimant from collecting prejudgment interest on the portion of a jury verdict that exceeded the noneconomic damages cap imposed by statute). Here, Final Judgment was entered in the amount of $1,514,300.00. *Final Judgment* [#94] at 1. Plaintiff's calculation seeks prejudgment interest from the total amount awarded by the jury, $2,165,300.00, less the $2,000 Defendant paid to Plaintiff relating to medical expenses. *First Motion* [#96] at 4.

First, Plaintiff may not recover prejudgment interest on the $985,000.00 she was paid by the third-party tortfeasor's insurer in 2011. "[T]he UIM insurer must account for the prejudgment interest an innocent insured would have recovered against the tortfeasor had the tortfeasor obtained liability insurance in amounts equal to the insured's coverage." *USAA v. Parker*, 200 P.3d 350, 359 (Colo. 2009). However, Plaintiff alleges that the $985,000.00 she received was a settlement of her claims against Ramon Mendoza. *Am. Compl.* [#49] ¶ 50 ("In December of 2010, the insurer for Ramon Mendoza offered to settle the liability claim of Mary Spendrup against Ramon Mendoza for $985,000.00."). Plaintiff is not entitled to prejudgment interest on the amount she accepted in *settlement* of her claims against Mr. Mendoza. *Parker v. USAA*, 216 P.3d 7, 13-14 (Colo. App. 2007) ("When a party accepts a settlement, the trial court is precluded from adding prejudgment interest to the amount agreed upon by the parties."), *cert. denied as to this issue*, *USAA v. Parker*, 200 P.3d 350, n.8 ("We denied certiorari on the [ ] issue[ of] the trial court's denial of [ ] interest on Parker's portion of Maxwell's settlement . . . .").

Second, even if Plaintiff was entitled to prejudgment interest on the $985,000.00 settlement with Mr. Mendoza, to allow Plaintiff to collect prejudgment interest on the $985,000 paid by Mr. Mendoza's insurer on January 6, 2011 for the entire period from

6

accrual of the action through entry of Final Judgment would result in a windfall to Plaintiff.

Therefore, the Court concludes that Plaintiff is entitled to recover nine percent (9%) simple interest per annum from the date the action accrued, March 5, 2009, through March 4, 2012, the day before Plaintiff filed this lawsuit, on the total amount of the Final Judgment, $1,514,300.00. That total amount of prejudgment interest for this 1096 day period is $409,939.18.[3]

**B.     March 5, 2012 through May 22, 2014**

The amount calculated above is added to the $1,514,300.00 awarded by the jury, which total amount becomes the basis for computing compound interest at 9% from March 5, 2012, the date the lawsuit was initiated, until May 22, 2014, the date Final Judgment was entered. *Id.* The result of adding $409,939.18 and $1,514,300.00 is $1,924,239.18. Applying a 9% compound interest rate annually for 2.22 years, the total amount of compound interest payable for the period is $407,215.92.[4] Therefore, the Court concludes that the total amount of prejudgment interest Plaintiff is entitled to is the total of the two periods discussed above, which is $817,155.10 ($409,939.18 + $407,215.92).

### IV. Conclusion

---

[3] The annual interest rate is 9% divided by 365 days per year, or 0.0247% per day. Therefore, the calculation is 0.0247% multiplied by the number of days, 1096, multiplied by the amount, $1,514,300. The result of that calculation is $409,939.18.

[4] To determine the amount of interest for year one, $1,924,239.18 is multiplied by 9% for a total of $174,181.53 in interest. Because interest is compounded annually, the $174,181.53 is added to the previous total for a new total amount outstanding of $2,097,420.71 at the beginning of year two. Multiplying that amount by 9%, the amount of interest is $188,767.86. Adding the interest for year two to the total, the balance at the beginning of year three is $2,268,188.57. However, because the final period is not a full year, but only 0.22 of a year, the final total is multiplied by 9% and then by 0.22, for a total amount of interest of $45,266.53. Adding the interest totals for each year, the total amount of compound interest that accrued from March 5, 2014 to May 22, 2014 is $407,215.92 ($174,181.53 + $188,767.86 + $45,266.53).

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the First Motion [#96] is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER **ORDERED** that the Second Motion [#97] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Final Judgment entered on May 22, 2014 is modified to include prejudgment interest in the amount of $817,155.10, which amount is to be added to the amount already awarded to Plaintiff, $1,514,300.00, for a total of $2,331,455.10.

Dated: November 14, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge